

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Young v. Coolbaugh

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2341

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Young v. Coolbaugh" (2008). *2008 Decisions*. Paper 1327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 07-2341

————

SCOTT T. YOUNG
                                        Appellant

v.

TOWNSHIP OF COOLBAUGH; COOLBAUGH
TOWNSHIP BOARD OF SUPERVISORS

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-00802)
District Judge:  Honorable James M. Munley

————

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2008

Before:  SLOVITER, JORDAN and ALARCÓN[*], Circuit Judges

(Filed:  April 25, 2008)

————

OPINION

————

[*]  Hon. Arthur L. Alarcón, Senior Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Scott Young purchased eight cabins from a camp in the Poconos with the intention of relocating them onto land that he owned in the Township of Coolbaugh. The Township did not approve Young's land development plan before the seller destroyed those cabins which were essential to the plan. Young subsequently filed suit against the Township, alleging, inter alia, that it violated his Fourteenth Amendment rights to due process and equal protection, and that it retaliated against him for the exercise of his First Amendment right to free speech. The District Court granted the Township's motion for summary judgment. Young appeals. We will affirm.

## I.

In September of 2001, Young notified the Coolbaugh Township Board of Supervisors of his plans to create a housing development on land he owned in the Township with cabins that he had recently purchased from Camp Tegawitha, near Mt. Pocono, and which were to be destroyed in February of 2002. Over the following nine months, the Township denied Young's request to waive zoning requirements that barred him from temporarily storing the cabins on his property. However, it supported his request to delay the scheduled destruction of the cabins while the Township considered the validity of Young's development plan and addressed the concerns of residents adjacent to Young's property about the plan's conformance with zoning requirements and the existence of creosote and asbestos in the cabins.

2

At a June 10, 2002 meeting of the Township Board of Supervisors, Young asserted that all of the conditions that blocked the approval of his development plan had been met. Nonetheless, neighboring property owners continued to express their objections to the project. Young asserts that he notified the Board that the cabins would be destroyed if he did not remove them from Camp Tegawitha by June 15, 2002. In a two to three vote, the Board denied a motion to approve Young's development plan, and continued the matter until June 18, 2002. The cabins were destroyed on June 15, 2002. Young asserts that on June 18, 2002, Supervisor Kelly began the Board's discussion of the plan by asking whether the cabins had been destroyed and stated, "that's all I needed to know," after receiving an affirmative response. App. at 226. The Board then attached several additional conditions to the use of camp structures on the property and approved Young's development plan, over the objections of neighboring property owners, by a vote of four to one. This lawsuit followed.[1]

**II.**

Young argues that the District Court erred by granting summary judgment in favor of the Township on his substantive due process, equal protection and retaliation claims. "Our review over [the] District Court's grant of summary judgment is plenary." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 279 (3d Cir. 2004) (citation omitted).

---

[1] The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Young argues that the Township's failure to act on his land development plan until after the deadline by which the cabins were to be destroyed constituted a "virtual taking." This argument does not withstand scrutiny. Young purchased the cabins with full knowledge that they would be destroyed in the near future, but before he had received authorization to move the cabins to the Township. The risk inherent in this business decision materialized when Young failed to secure either a further delay of the cabins' destruction, approval of his land development proposal in the Township, or an alternative destination for the cabins before they were destroyed as scheduled. Young does not explain how the Township's failure to act on his land use proposal until after the cabins were destroyed pursuant to Young's agreement with an unrelated third party benefitted the Township, or any other party, so as to turn it into a "virtual taking." In fact, the effect of the Township's delay is no different than that of a hypothetical rejection of Young's land development plan, which, even if it was found to be an incorrect decision, would not amount to conscience-shocking behavior. Substantive due process is not an insurance policy for failed business decisions. Accordingly, we conclude that the Township's actions in this garden variety land-use dispute did not violate Young's right to substantive due process.

Young also argues that the District Court erred in dismissing his equal protection challenge. A "'class of one'" may "attack intentionally different treatment if it is 'irrational and wholly arbitrary,'" but this standard is "doubtless difficult for a plaintiff to

4

meet in a zoning dispute." Id. at 286 (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 565 (2000)). To prevail in such a claim, Young must establish "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Olech, 528 U.S. at 564. Young argues that his claim survives summary judgment because the Township has not provided record evidence of any other land development proposals that met all conditions for approval but which the Township refused to act upon immediately, nor has it stated a rational basis for treating his proposal differently from other proposals. In other words, Young argues that he is entitled to summary judgment because the Township has failed to prove that Young was not irrationally discriminated against.

At the summary judgment stage, however, Young must do more than simply allege the existence of similarly situated proposals and argue that the Township failed to disprove that it discriminated against Young. Rather, he must produce evidence of similarly situated proposals that were treated differently from his own land development proposal. See Cordi-Allen v. Conlon, 494 F.3d 245, 250-51 (1st Cir. 2007); cf. Salem Blue Collar Workers Ass'n v. City of Salem, 33 F.3d 265, 272 (3d Cir. 1994) (dismissing plaintiffs' selective prosecution claim because they had not met their burden to offer evidence that the municipal defendant failed to prosecute other similarly situated persons). Because Young has not pointed to a single proposal that was similarly situated to his proposal and which was treated differently, summary judgment was properly

entered for the Township.

Finally, Young argues that the District Court erred in concluding that there was no material issue of fact regarding his First Amendment retaliation claim. He contends that the Township retaliated against his constitutionally-protected right to speak at municipal meetings and to petition the zoning hearing board by denying him "the benefit of his litigated battle over the 'common wall' issue," which, despite a favorable ruling by the zoning hearing board, was one of the issues that had held up the final approval of his land development proposal. Appellant's Br. at 18. Nonetheless, as the District Court explained, the Township ultimately approved Young's proposal, which included his interpretation of the "common wall" issue. Although the cabins which Young sought to incorporate into his project had been destroyed, there is no evidence that the Township's delayed decision denied him the ability to develop according to the "common wall" interpretation for which he had fought. Therefore, the District Court properly granted summary judgment for the Township on Young's claim that he was retaliated against in the manner alleged.

**III.**

For the above-stated reasons, we will affirm the judgment of the District Court.